# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **KEITH HOLIDAY,** | **)** |
| | **)** |
| **Petitioner,** | **)** |
| | **)** |
| **v.** | **)**   **NO. 3:25-cv-00990** |
| | **)** |
| **WILLIAMSON COUNTY, et al.,** | **)** |
| | **)** |
| **Respondents.** | **)** |

## MEMORANDUM OPINION AND ORDER

Williamson County inmate Keith Holiday filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2). He subsequently filed an Amended Petition (Doc. No. 6) and a motion seeking appointment of counsel and "to be removed from Williamson County Jail." (Doc. No. 7).

Because Petitioner's IFP application complies with Rule 3(a)(2) of the Rules Governing § 2254 Cases ("Habeas Rules")[1] and demonstrates that he cannot reasonably afford the five-dollar filing fee, the IFP application (Doc. No. 2) is **GRANTED**.

The Amended Petition is now before the Court for initial review.

## I. INITIAL REVIEW

Habeas Rule 4 requires the Court to examine the Amended Petition to ascertain as a preliminary matter whether "it plainly appears from the [amended] petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Gov'g § 2254 Cases. The Court is not only "authorized to dismiss summarily any habeas petition that appears

---

[1] These Rules apply to Section 2241 cases as well as Section 2254 cases. See Habeas Rule 1(b).

legally insufficient on its face," <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994), but "has a duty to screen out" such petitions. <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970) (citing 28 U.S.C. § 2243).

A. <u>Claims of the Amended Petition</u>

The Amended Petition asserts that Petitioner is a pretrial detainee who is challenging his continued detention because he is "being aggressively incarcerated and [his] right[s] to a quick and speedy trial and due process are being violated." (Doc. No. 6 at 2). Petitioner claims that he has filed motions in the Williamson County Circuit Court for bond reduction, to have his appointed counsel relieved, and for a speedy trial, as well as other motions, but he was not taken to court on the scheduled hearing date and his motions were never heard. (<u>Id.</u> at 2, 6). He also claims that he has been "a victim of police brutality and assaulted" by sheriff's deputies on multiple occasions while incarcerated. (<u>Id.</u> at 6). Finally, Petitioner claims that his due process rights and his right to be free from cruel and unusual punishment are being violated in the Williamson County Jail, because he is not being allowed to make any legal calls but has been "silenced" by his indefinite detention in isolation. (<u>Id.</u> at 6–7). He asks the Court to order his release from confinement. (<u>Id.</u> at 7).

B. <u>Analysis</u>

Section 2241 authorizes the Court to entertain a habeas application from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 petitions filed while state charges are still pending are typically dismissed as premature, unless they present exhausted claims that the prosecution violates double jeopardy or speedy trial rights, <u>Ealy v. Schrand</u>, No. CV 2:20-21-DCR, 2020 WL 1031026, at *1–2 (E.D. Ky. Mar. 3, 2020) (citing, <u>e.g.</u>, <u>Atkins v. Michigan</u>, 644 F.2d 543, 546 (6th Cir. 1981) and

2

In re Justices of Superior Court Dept. of Mass. Trial Ct., 218 F.3d 11, 17–18 (1st Cir. 2000)), or that the setting of bail pending trial was unreasonable. Atkins, 644 F.2d at 549. The Amended Petition before the Court presents a speedy trial claim, both explicitly and (liberally construed) in its assertion that the lack of attention to Petitioner's pro se motions in the Williamson County Circuit Court and the failure to transport him to court on his previously scheduled hearing date were in order "to delay the case." (Doc. No. 6 at 6, 7).

Before presenting a Section 2241 claim in federal court, a state inmate must exhaust his remedies in the state trial **and** appellate courts. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490 (1973) (noting that "[i]t is important that petitioners reach state appellate courts" in their efforts to exhaust); see Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio, 668 F.3d 804, 810 (6th Cir. 2012) (where state inmates seek relief under § 2241, they "must exhaust all available state court remedies before proceeding in federal court"). "For a speedy trial claim, exhaustion requires the detainee to 'avail[] himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him.'" McConahie v. City of Waverly, Tenn., No. 3:22-cv-00915, 2023 WL 163143, at *2 (M.D. Tenn. Jan. 11, 2023) (quoting Atkins, 644 F.2d at 547). Only after state trial and appellate remedies are fully exhausted can it be said that "no avenue remained in the state court system" and Petitioner's "only recourse was to the federal [habeas] court." Atkins, 644 F.2d at 550.

The requirement that a federal habeas petitioner first exhaust his available state remedies is "especially forceful in a situation involving a speedy trial claim," because the remedy for such a violation will either involve dismissal of the indictment (if the petitioner establishes that the delay has prejudiced his defense) or a federal order requiring the state to bring the petitioner promptly to trial—remedies which "could not be more disruptive of pending state actions." Id. at

3

546–47. In this case, Petitioner has failed to demonstrate exhaustion of his speedy trial claim. He attached to the original Petition his pro se motion in the Williamson County Circuit Court for "Quick and Speedy Trial" (Doc. No. 1-2 at 1–3), but that pro se motion was filed when Petitioner was represented by counsel (see id. at 2), and "Tennessee courts have consistently restricted defendants from 'representing themselves while simultaneously being represented by counsel.'" Hill v. Carlton, 399 F. App'x 38, 43 (6th Cir. 2010) (quoting Williams v. State, 44 S.W.3d 464, 469 (Tenn. 2001)). Therefore, Petitioner's pro se motion was not adequate to exhaust his speedy-trial remedies in the state trial court. Taylor v. Hall, No. 3:22-cv-00616, 2022 WL 6225465, at *2 (M.D. Tenn. Oct. 7, 2022) (citing Wallace v. Sexton, 570 F. App'x 443, 451 (6th Cir. 2014) (holding that petitioner's claims were not properly raised through a pro se brief that was ignored by the state court)). Nor is there any indication that Petitioner sought mandamus or other relief in the Tennessee Court of Criminal Appeals, either to remedy the trial court's failure to rule or otherwise to attempt to exhaust his speedy-trial claim before the appellate court.

Given Petitioner's failure to exhaust available remedies in the courts of the state, this Court cannot find that his "only recourse" from the claimed denial of a speedy trial was to file the instant habeas action. Atkins, 644 F.2d at 550. Moreover, to the extent that the claimed "aggressive incarceration"/denial of a speedy trial is also claimed to violate Petitioner's due process rights (see Doc. No. 6 at 2, 6), such a claim "fall[s] within the rule that federal courts generally abstain from intervening in pending state proceedings to address issues that may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." Taylor, 2022 WL 6225465, at *2 (citation omitted) (finding that summary dismissal of a pretrial habeas claim for violation of due process is proper because relief on such a claim may be sought via other procedures, including under 28 U.S.C. § 2254 if petitioner is convicted).

The remaining claims in the Amended Petition concern the conditions of Petitioner's confinement at the Williamson County Jail. Even if such claims are cognizable in this action seeking release from confinement, see Wilson v. Williams, 961 F.3d 829, 838 (6th Cir. 2020) (involving federal inmates' claim that risks to vulnerable inmates from COVID-19 could "be remedied only by release" under Section 2241); but see Rummelt v. Cheeks, No. 21-10757, 2021 WL 4921203, at *2 (E.D. Mich. Oct. 20, 2021) (finding that "section 2241 does not furnish a basis for redress of the petitioner's claims" because "[h]e does not assert that the only remedy that will vindicate [his Eighth Amendment] right . . . is release from custody") (citation and internal quotation marks omitted), state detainees such as Petitioner must in all events exhaust their available state remedies before pursuing habeas relief, and there is no indication that Petitioner has done so here. Nor is the Court convinced that these conditions-of-confinement claims are in fact cognizable under Section 2241. Petitioner does not contend that release is the only remedy for his claims of being physically assaulted, "silenced," or kept in solitary confinement at the Jail. Rummelt, supra. In any event, these claims are not properly before the Court at this time.

In sum, the Court must refrain from exercising jurisdiction in this case under Section 2241. The claims of the Amended Petition are either unexhausted or noncognizable. The case will therefore be dismissed without prejudice.

## II. CONCLUSION

As explained above, upon initial review of the Petition it plainly appears that Petitioner is not entitled to habeas relief in district court at this time. Further proceedings in this Court are not warranted.

This case is **DISMISSED WITHOUT PREJUDICE** as unexhausted and therefore procedurally improper, without prejudice to Petitioner's ability to refile in federal court after fully

5

exhausting his remedies in the state courts. In light of the dismissal, Petitioner's pending motion for appointment of counsel and "to be removed from Williamson County Jail" (Doc. No. 7) is **DENIED** as moot.

Because "a plain procedural bar is present" in this case and jurists of reason could not find that it was incorrectly invoked or that Petitioner should be allowed to proceed further, no certificate of appealability shall issue. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). For the same reasons, the Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

6